Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILSON TACURI and SEGUNDO TACURI QUITO,
individually and on behalf of all others similarly situated,

                                                   Plaintiffs,

      -against-

SAGGIO RESTAURANT INC., and KALKIN NARVILAS, and
PEDRO NARVILAS, as individuals,

                                                   Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **WILSON TACURI and SEGUNDO TACURI QUITO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **WILSON TACURI and SEGUNDO TACURI QUITO, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **SAGGIO RESTAURANT INC., and KALKIN NARVILAS, and PEDRO NARVILAS, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at SAGGIO RESTAURANT INC., located at 827 W 181st Street, New York, New York 10033.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff WILSON TACURI, residing at 47-45 47th Street, Woodside, New York 11377, was employed from in or around May 2017 until in or around November 2019 by Defendants at SAGGIO RESTAURANT INC., located at 827 W 181st Street, New York, New York 10033.
9. Plaintiff SEGUNDO TACURI QUITO, residing at 47-45 47th Street, Woodside, New York 11377, was employed from in or around June 2016 until in or around November 2019 by Defendants at SAGGIO RESTAURANT INC., located at 827 W 181st Street, New York, New York 10033.
10. Defendant, SAGGIO RESTAURANT INC. is a corporation organized under the laws of New York.
11. Defendant, SAGGIO RESTAURANT INC. is a corporation authorized to do business under the laws of New York.
12. Upon information and belief, Defendant, SAGGIO RESTAURANT INC. is a corporation organized under the laws of New York with a principal executive office at 827 W 181st Street, New York, New York 10033.

13. Upon information and belief, Defendant KALKIN NARVILAS owns and operates SAGGIO RESTAURANT INC.
14. Upon information and belief, Defendant KALKIN NARVILAS is an agent of SAGGIO RESTAURANT INC..
15. Defendant KALKIN NARVILAS has power over personnel decisions at SAGGIO RESTAURANT INC.
16. Upon information and belief, Defendant KALKIN NARVILAS has power over payroll decisions at SAGGIO RESTAURANT INC.
17. Defendant KALKIN NARVILAS has the power to hire and fire employees, including the Plaintiff, at SAGGIO RESTAURANT INC., establish and pay their wages, set their work schedule, and maintains their employment records.
18. During all relevant times herein, Defendant KALKIN NARVILAS was Plaintiffs' employer within the meaning of the FLSA and NYLL.
19. Upon information and belief, Defendant PEDRO NARVILAS owns and operates SAGGIO RESTAURANT INC.
20. Upon information and belief, Defendant PEDRO NARVILAS is an agent of SAGGIO RESTAURANT INC.
21. Upon information and belief, Defendant PEDRO NARVILAS has power over personnel decisions at SAGGIO RESTAURANT INC.
22. Upon information and belief, Defendant PEDRO NARVILAS has power over payroll decisions at SAGGIO RESTAURANT INC.
23. Defendant PEDRO NARVILAS has the power to hire and fire employees, including the Plaintiff, at SAGGIO RESTAURANT INC., establish and pay their wages, set their work schedule, and maintain their employment records.
24. During all relevant times herein, Defendant PEDRO NARVILAS was Plaintiffs' employer within the meaning of the FLSA and NYLL.
25. On information and belief, SAGGIO RESTAURANT INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or

produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

26. Plaintiff WILSON TACURI was employed from in or around May 2017 until in or around November 2019 by Defendants at SAGGIO RESTAURANT INC.

27. During Plaintiff WILSON TACURI'S employment by Defendants, Plaintiff's primary duties were as a salad preparer, dishwasher, and cleaner, while performing other miscellaneous duties from in or around May 2017 until in or around November 2019.

28. Plaintiff WILSON TACURI was paid by Defendants approximately $12.00 per hour from in or around May 2017 until in or around December 2017, approximately $13.00 per hour in or around 2018, and approximately $15.00 per hour from in or around January 2019 until in or around November 2019.

29. Plaintiff worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around May 2017 until in or around November 2019.

30. Although Plaintiff WILSON TACURI worked approximately forty-eight (48) hours or more per week during his employment by from in or around May 2017 until in or around November 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Plaintiff SEGUNDO TACURI QUITO was employed from in or around June 2016 until in or around November 2019 by Defendants at SAGGIO RESTAURANT INC.

32. During Plaintiff SEGUNDO TACURI QUITO'S employment by Defendants, Plaintiff's primary duties were as a dishwasher, food preparer, and cleaner, while performing other miscellaneous duties from in or around June 2016 until in or around November 2019.

33. Plaintiff SEGUNDO TACURI QUITO was paid by Defendants approximately $12.50 per hour from in or around June 2016 until in or around December 2017, approximately $13.00 per hour in or around 2018, and approximately $15.00 per hour from in or around January 2019 until in or around November 2019.

34. Plaintiff SEGUNDO TACURI QUITO worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around June 2016 until in or around November 2019.

35. Although Plaintiff SEGUNDO TACURI QUITO worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around June 2016 until in or around November 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

36. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

37. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

38. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

40. Collective Class: All persons who are or have been employed by the Defendants as salad preparers, food preparers, dishwashers, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

41. Upon information and belief, Defendants employed between 20 and 30 employees within the past three years subjected to similar payment structures.

42. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
43. Defendants' unlawful conduct has been widespread, repeated, and consistent.
44. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
45. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
46. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
47. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
48. The claims of Plaintiffs are typical of the claims of the putative class.
49. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

51. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
52. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

53. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
54. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
55. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
56. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
57. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

58. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
59. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
60. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
61. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
63. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
64. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

65. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
66. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
67. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
  a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
  b. Awarding Plaintiffs unpaid overtime wages;
  c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
  d. Awarding Plaintiffs prejudgment and post-judgment interest;

8

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 7th day of July 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILSON TACURI and SEGUNDO TACURI QUITO, individually and on behalf of all others similarly situated,

                            Plaintiffs,

    -against-

SAGGIO RESTAURANT INC., and KALKIN NARVILAS, and PEDRO NARVILAS, as individuals,

                            Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**SAGGIO RESTAURANT INC.**
**827 W 181st Street**
**New York, NY 10033**

**KALKIN NARVILAS**
**340 Haven Avenue Apt 4B**
**New York, NY 10033**

**PEDRO NARVILAS**
**340 Haven Avenue Apt 4B**
**New York, NY 10033**