

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

February 19, 2020

**Via ECF**
The Honorable Judge Ronnie Abrams
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Tacuri, et al. v. Saggio Restaurant, Inc., et al.**
   **20-CV-5219 (RA)**

Dear Judge Abrams:

Our office represents Wilson Tacuri ("Wilson") and Segundo Tacuri Quito ("Segundo") (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Saggio Restaurant, Inc., Kalkin Narvilas, and Pedro Narvilas (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached after a court-annexed mediation and the parties' continued settlement negotiations thereafter.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

a. **Plaintiffs' Position**

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Specifically, Plaintiffs alleged that, as former employees of the Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week.

Plaintiffs alleged that they were both employed by Defendants for approximately two-and-a-half years from in or around May 2017 until in or around November 2019. During this time period, Plaintiffs alleged that they regularly worked six (6) days per week and approximately eight (8) hours per day, totaling forty-eight (48) hours per week. Despite working in excess of 40 hours per week, Plaintiffs allege that they were paid the same regular hourly rate of pay for all hours worked. As such, Plaintiffs alleged that they were entitled to the unpaid half-time rate of pay for approximately 8 hours per week during their respective employments by Defendants.

Lastly, both Plaintiffs alleged that they were paid in cash during their employment and were entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

Based on the above, Plaintiffs' counsel estimated each Plaintiff was owed approximately $7,016.00 in unpaid overtime wages, not including liquidated damages or statutory penalties.

Although Plaintiffs were confident that they could succeed on all of their claims at trial, Plaintiffs recognized the risks of continuing litigation and the records and defenses maintained by Defendants and preferred a guaranteed payment through a carefully-negotiated settlement agreement. In agreeing to settle this matter for $25,000.00, Plaintiffs considered Defendants' arguments and disagreements as to the dates of each Plaintiff's employments and the number of hours each Plaintiff worked per week. Plaintiffs also conducted a thorough investigation as to the assets owned by Defendants and were concerned about the ability to collect on a larger judgment should this matter have proceeded to trial. Lastly, Plaintiffs preferred a short payment schedule upon Court approval of the Settlement Agreement as opposed to the uncertainty of a trial at a much later date.

### b. Defendants' Position

Defendants' position is that Plaintiffs were properly paid for all hours worked and Defendants maintained accurate records as to Plaintiffs' time worked and pay received. Defendants' position is that they committed no wrongdoing and Plaintiffs were not owed any unpaid wages. Defendants have agreed to the settle Plaintiffs' claims for the negotiated settlement amount, in large part, out of recognition that the costs of continued litigation may exceed the expense of settling.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted).

The parties have agreed to settle all claims asserted in this matter for $25,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement

were achieved following the assistance of an experienced wage-and-hour neutral appointed by the Court. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiffs and the dates of Plaintiffs' employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. Moreover, if this Agreement is approved, each Plaintiff stands to recover an amount slightly larger than his alleged unpaid wages.

**The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." Martinez v. Gulluoglu LLC, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting Camacho v. Ess-A-Bagel, Inc., No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in paragraph 7 of the Settlement Agreement ("Release") is narrowly-tailored to claims "which were alleged in the Complaint filed in this action, specifically including [FLSA] and [NYLL] and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide wage statements, which Plaintiffs ever had or now have against the Defendants." The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including unknown claims and claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are fair and reasonable and comport with the standards articulated in *Cheeks*.

**Requested Attorneys' Fees and Distribution to Plaintiffs**

The parties agreed to a global settlement of $25,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $16,187.00. Each Plaintiff has requested and will receive an equal share of the settlement proceeds in the amount of $8,093.50. Plaintiffs believe that this is an equitable result as it was a decision by both Plaintiffs and both Plaintiffs worked similar lengths of employment, similar hours and were paid similar rates. The amounts to be received by each Plaintiff are included in Exhibit A of the Settlement Agreement.

Plaintiffs' counsel respectfully requests $720.00 for identifiable expenses, which includes:

- the Southern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on Defendants in this matter: $320.00

Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($24,280.00), or $8,093.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $8,813.00.

**Settlement Amount:** $25,000.00
**Attorneys' Expenses:** $720.00
**Settlement less Expenses:** $24,280.00
**Requested Attorneys' Fees:** $8,093.00 ($24,280.00 / 3)
**Total payable to Attorneys:** $8,813.00 ($8,093.00 + $720.00)
**Total payable to Plaintiffs:** $16,187.00 ($25,000.00 - $8,813.00)

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

**Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of approximately three months of negotiations following a court-annexed mediation and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.