UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILSON TACURI, SEGUNDO TACURI
QUITO,

                                    Plaintiffs,

                    v.

SAGGIO RESTAURANT INC., KALKIN
NARVILAS, PEDRO NARVILAS,

                                    Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/8/2021

20-CV-5219 (RA)

ORDER

        Plaintiffs Wilson Tacuri and Segundo Tacuri Quito brought this action against Defendants

Saggio Restaurant Inc., Kalkin Narvilas, and Pedro Narvilas, alleging violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL").  The

parties now move for judicial approval of a settlement agreement pursuant to *Cheeks v. Freeport*

*Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  *See* Dkt. 14 (the "Agreement").  Plaintiffs'

counsel also requests judicial approval for an award of attorneys' fees and costs.  *Id.*  Finding the

proposed settlement to be fair and reasonable, the Court grants the motion for settlement approval.

## BACKGROUND

        Plaintiff Segundo Tacuro Quito was employed by Defendants at Saggio Restaurant as a

dishwasher, food preparer, and cleaner from in or around June 2016 until in or around November

2019.  Compl. ¶¶ 31-32.  Plaintiff Wilson Tacuri was employed at the restaurant as a salad

preparer, dishwasher and cleaner from approximately May 2017 until November 2019.  *Id.* ¶¶ 26-

27.  During their respective periods of employment, Plaintiffs allegedly worked approximately 48

hours per week.  *Id.* ¶¶ 29, 34.  Neither received overtime compensation for these hours.  *Id.* ¶¶ 30,

35.  Plaintiffs further contend that Defendants failed to post notices of minimum-wage and

overtime-wage requirements or to keep payroll records, as required by the NYLL.  *Id.* ¶¶ 36-37.
On July 7, 2020, Plaintiffs filed a complaint alleging causes of action under the FLSA and NYLL.
*Id.* ¶¶ 51–67.  This Court referred the case for mediation, *see* Dkt. 7, after which the parties reached
this settlement.

## LEGAL STANDARD

Under the FLSA, voluntary dismissal of the action pursuant to settlement requires approval
by either a court or the Department of Labor.  *Cheeks*, 796 F.3d at 206.  To determine whether a
proposed settlement is "fair and reasonable, a court should consider the totality of the
circumstances." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Factors
to consider include "(1) the plaintiff's range of possible recovery; (2) the extent to which the
settlement will enable the parties to avoid anticipated burdens and expenses in establishing their
respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4)
whether the settlement agreement is the product of arm's-length bargaining between experienced
counsel; and (5) the possibility of fraud or collusion." *Id.* (internal quotation marks omitted).

## DISCUSSION

The Court believes the settlement figure and award of attorneys' fees are both fair and
reasonable, considering the totality of the circumstances.  Defendants have agreed to pay Plaintiff
$25,000, inclusive of $8,813 in attorneys' fees and costs.  Agreement ¶ 1.

As an initial matter, the settlement entitles each Plaintiff to a damages award in an amount
that is consonant with his possible range of recovery.  Each Plaintiff will receive $8,093.50, which
slightly exceeds the approximately $7,016 allegedly owed in unpaid overtime wages, not including
liquidated damages or statutory penalties.  Moreover, the Agreement is the product of arms-length
bargaining by counsel with the assistance of a Court-appointed mediator.  *See, e.g.*, *Shao Xiong*

*Jian v. Saigon Bar & Grill*, No. 16-CV-5556 (OTW), 2018 WL 4926441, at \*2 (S.D.N.Y. Oct. 10, 2018) (citing mediation before the Court-appointed mediator as proof that the settlement was not fraudulent or collusive).

Defendants' denial of all the claims raised by Plaintiff indicates that further litigation would be burdensome for both parties and that recovery is uncertain for Plaintiff.  Proving allegations of wage theft spanning more than three years may involve expensive and time-consuming discovery. The proposed settlement would thus allow the parties to avoid the continued costs of discovery and motion practice.

The Court also approves the attorneys' fees and costs set forth in the Agreement.  "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016).  Requested attorneys' fees are $8,093, which is 33.3% of the net settlement amount of $25,000. When using a "percentage" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at \*2 (S.D.N.Y. Dec. 14, 2015).  As this Court has previously stated, a one-third contingency amount is "presumptively valid." *Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 WL 6618412, at \*1 (S.D.N.Y. Dec. 17, 2018).

Finally, the release provision contained in the Agreement is not overbroad.  It releases Defendants only from the claims and demands "which were alleged in the Complaint filed in this action," namely the FLSA and NYLL and their associated regulations.  Agreement ¶ 7.  It does not cover matters unrelated to the instant suit.  *Cf. Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 175 (S.D.N.Y. 2015) (rejecting a release that would cover "any other claim" "from the beginning of the world to the effective date" of the agreement).

SO ORDERED.

Dated:      June 8, 2021
            New York, New York

_____
RONNIE ABRAMS
United States District Judge